## IN THE SUPERIOR COURT OF GUAM

KENNETH LAMAR MITCHELL,

                Plaintiff,

        v.

CORINIA MARIE DELA FUENTES MITCHELL,

                Defendant.

DOMESTIC CASE NO. DM0381-12

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the HONORABLE ARTHUR R. BARCINAS on the 20th day of August, 2012, for review of Plaintiff's proposed Order for Publication of Summons received on July 5, 2012. Attorney John C. Terlaje represents the Plaintiff, and the Defendant has not yet been served, nor made an appearance. The Court now issues the following Decision and Order on the matter.

## DISCUSSION

### A) Requirements of Substituted Service

#### 1) An Order Requires a Properly Filed Motion

The Guam Rules of Civil Procedure specifically require that:

(1) *An application to the court for an order shall be by motion* which, unless made during a hearing or trial, *shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought.*

The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.

GRCP Rule 7(b)(1)(2012)(emphases added).

CVR 7.1(b) of the Local Rules of the Superior Court of Guam also requires that motions must be made in writing, and must follow a particular form, stating, "[e]very motion shall be presented in writing," and "the moving party must present a motion, which will contain the date on which the motion will be heard, as provided for in CVR Rule 7.1(e)(2)."

Pursuant to Rule 7.1(a) of the Local Rules of the Superior Court of Guam, "the provisions of this rule shall apply to motions, applications, petitions, orders to show cause, and all other proceedings except a trial on the merits and applications for a temporary restraining order . . . ." CVR 7.1(a)(2012)(emphasis added). This local rule further emphasizes that any requests to the Court for the issuance of an order are subject to the rules governing motions. Therefore, any application requesting that the Court take action must follow the format prescribed by CVR Rule 7.1.

Pursuant to CVR 7.1(e)(2):

Counsel for the parties must file an "Agreement of Hearing Date," in a form shown below in Attachment "CVR 7.1A." It shall be the responsibility of the moving party or his attorney to contact the attorney for each party who has entered an appearance, or if the party(ies) are pro se, it is the moving party's responsibility to contact the pro se party and propose a date for oral argument. Once the parties have agreed on a date for oral argument, the moving party shall clear the date with the chambers clerk. When the date has been cleared with the clerk, that date shall be inserted in the "Agreement of Hearing Date." If the parties do not agree on a date for oral argument or *if a party has not entered an appearance, the moving party may submit the "Agreement of Hearing Date" to the Court with a notation that the non-moving party does not agree or is not available*, in which event the Court shall either determine the hearing date or determine that no oral argument shall be scheduled and the motion shall proceed to briefing and disposition under CVR 7.1(e)(4), in the Court's discretion.

Local Rules of the Superior Court of Guam, CVR Rule 7.1 (e)(2) (2012)(emphasis added).

Thus, even if no other party has yet appeared in the action, the Plaintiff must still submit a written motion accompanied by an "Agreement of Hearing Date Form."

Pursuant to CVR 7.1(c), "[t]here *shall be* served and filed with the motion: (1) *a memorandum in support thereof containing the points and authorities upon which the moving parties relies, including citations . . . .*" CVR Rule 7.1(c)(2012)(emphases added).

Under CVR Rule 7.1(f), "Papers not timely filed by a party including any memoranda or other papers required to be filed under this Rule shall not be considered without leave of court." Under CVR 7.1(k), "The Court need not consider motions, oppositions to motions or briefs or memoranda that do not comply with this Rule," and "the failure to comply fully with this Rule subjects the offender at the discretion of the Court to the sanctions of General Rule 2.1." CVR 7.1(k)(2012).

Under GR 2.1:

> The violation of or failure to conform to any of these General Rules, the Guam Rules of Civil Procedure, or the Local Rules of the Superior Court of Guam – Civil Rules shall subject the offending party or counsel to such penalties, including monetary sanctions and/or the imposition of costs and attorney's fees to opposing counsel, as the Court may deem appropriate under the circumstances.

Local Rules of the Superior Court of Guam GR 2.1 (2012).

Under CVR Rule 7.1(k), the Court need not consider the Plaintiff's proposed "Order for Publication," as it does not comply with CVR 7.1, and it is unaccompanied by any motion, including an agreement of hearing date form and a memorandum of points and authorities. Because the Court finds that any application for an order must be made by motion which fully complies with the Guam Rules of Civil Procedure and the Local Rules of the Superior Court of Guam, the Court finds that the Plaintiff's "request" for an order for publication and mailing

made by way of submitting only a proposed order for the Court's signature, does not comply with these rules and may therefore, be STRICKEN.

2) Personal Service Must be Attempted Before Requesting Substituted Service

Rule 4(e) of the Guam Rules of Civil Procedure requires that a person against whom an action is filed must be served in person, or at his residence by leaving it with a household member of suitable age, or by serving the person's agent. GRCP Rule 4(e)(2012). Personal service under Rule 4 must be made within 180 days of the filing, but may be extended by the Court for good cause. GRCP Rule 4(m)(2012).

Rule 4(e) anticipates that parties who reside in other United States jurisdictions may need to be served from time to time, and provides a method for such personal service, stating: "service upon an individual . . . may be effected . . . in any other jurisdiction of the United States, its territories, commonwealths, and possessions: (1) . . . as prescribed by the law of the place where the person is served; or (2) by delivering a copy of the summons and of the complaint to the individual personally . . . ." GRCP Rule 4(e).

Personal delivery of service is the gold standard of available service methods, and is "always adequate in any type of proceeding." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950). Due process requires that service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" because "process which is a mere gesture is not process." Id. at 314–15.

For unknown or missing persons, service through ineffectual or even "futile" methods such as publication may be sufficient. Id. at 317. But, "[a]s to known present [parties] of known place of residence, however, notice by publication stands on a different footing.

Exceptions in the name of necessity do not sweep away the rule that within the limits of practicability notice must be such as is reasonably calculated to reach interested parties." Id. at 318. Accordingly, the United States Supreme Court found that a state statute which authorized service of process through publication was insufficient with regards to parties whose addresses and residences were known, stating:

> Publication may theoretically be available for all the world to see, but it is too much in our day to suppose that each or any individual beneficiary does or could examine all that is published to see if something may be tucked away in it that affects his property interests. We have before indicated in reference to notice by publication that, 'Great caution should be used not to let fiction deny the fair play that can be secured only by a pretty close adhesion to fact.'

Id. at 320 (quoting McDonald v. Mabee, 243 U.S. 90, 91 (1917)).

Following this reasoning, other courts have held that a party should attempt personal service or other service designed to reasonably provide notice prior to attempting substituted service. See Goetz v. Synthesys Technologies, Inc., 415 F.3d 481, (5th Cir. 2005) ("Nail and mail" substituted service, i.e., service through posting and mailing, as authorized under state statute, was improper for lack of due diligence when the plaintiff failed to make even a single attempt at personal service at a known residence belonging to the defendant); Burchett v. City of Newport Beach, 33 Cal.App.4th 1472, 1477 (Cal. App. 4 Dist. 1995)(failure to effect or even attempt personal service prior to attempting substituted service was improper, and deprived court of personal jurisdiction over defendants); Sangdahl v. Litton, 69 F.R.D. 641 (S.D.N.Y. 1976); Moreland v. Dorsey Thornton and Associates LLC, No. 10–CV–867, 2010 WL 5463333, **2–3 (E.D. Wis. December 29, 2010) (court allowed substituted service by publication and ordinary mail, but only after the Plaintiff diligently made several attempts at personal service, and exhausted other methods of service reasonably calculated to give notice).

In Sangdahl, the District Court would not approve substituted service on a non-resident defendant where the defendant could readily have been served in the state of his residence under the New York long-arm statute. The court found, "any order permitting substituted service should be made only after plaintiff sustains the 'heavy burden' of showing that an exhaustive search has been made for defendant and all other permissible methods of service are impracticable." Id. at 644–45.

7 GCA § 14106 was adopted from the California Code of Civil Procedure, Title 5, Jurisdiction and Service of Process, Chapter 3, Summons, §§ 412.10, et. seq., particularly, California now permits service by publication under CCCP § 415.50, which is substantively similar to 7 GCA § 14106. Under these statutes regarding service of summons, in California, "[a]ll means other than personal delivery to the defendant are considered substituted service, and personal service must have been diligently attempted before substituted service may be performed." Bonita Packing Co. v. O'Sullivan, 165 F.R.D. 610, 613 (C.d. Ca. 1995). Where a Guam statute is derived from a California statute, California cases interpreting the statute are highly persuasive, and the Superior Court of Guam must follow California precedent unless there is a compelling reason to deviate from the California law. Fajardo v. Liberty House Guam, 2000 Guam 4 ¶ 17; and Cruz v. Cruz, 2005 Guam 3 ¶ 9. Accordingly, 7 GCA § 14106 provides a method of substituted service and requires a showing that personal service is unavailing.

Under the specific language of 7 GCA § 14106, publication and mailing are to be utilized only when, "after due diligence" it is apparent that the party to be served "has departed Guam" or "conceals himself to avoid service of the summons, . . ." 7 GCA § 14106 (2012). Like the statute at issue in Goetz, "under the plain text of the statute, a plaintiff is required to exercise 'due diligence' to complete service . . . ." Goetz, 415 F.3d at 483; see also Bland v.

Fairfax County, Va., 275 F.R.D. 466, 470 (E.D. Va. 2011) ("This is an example that where the rules favored personal service to the exclusion of other methods, the rules say so."); and Moreland, at *3 (citing Wis. Stat. 801.11(5)(b)) ("in Wisconsin, if with reasonable diligence a defendant cannot be served by the means set forth above then a summons may be served upon a limited liability company by publication and mailing."). It is clear from the language of 7 GCA § 14106 that other methods of service are preferred to service by publication and mailing, and a party must exercise due diligence prior to seeking an order permitting service under this statute. In accordance with this language, service by publication and mailing under 7 GCA§ 14106 is only available as an option of last resort, when a defendant has fled Guam or is hiding somewhere in Guam to avoid service.

Interpreting the former California Code of Civil Procedure § 412, from which 7 GCA § 14106 is directly derived, the Supreme Court of California found that the first step in showing "diligence" in requesting service by publication is the filing of a prescribed affidavit showing in detail the probative facts indicating a thorough search to locate the defendant, including the dates of any attempts to serve the defendant by another method of service; thus, an affidavit which did not include this information was "fatally defective in falling to show with accuracy the efforts made to serve defendant with summons." Kahn v. Matthai, 115 Cal. 689, 692, 47 Pac. 698, 699 (Cal. 1897); *see also* Chapman v. Moore, 151 Cal. 509, 513–14, 91 P. 324, 325–26 (Cal. 1907); Rue v. Quinn, 137 Cal. 651, 655–67, 66 P. 216, 217 (Cal. 1902); and Forbes v. Hyde, 31 Cal. 342, 350 (Cal. 1866).

In accordance with the due process clause, the Court finds that it is improper for a party to make a request for service by publication and mailing on a party whose residence or domicile is known, prior to exercising due diligence to serve the party by other means reasonably

calculated to give actual notice, such as personal service. In this case, from the allegations of the verified complaint, it is apparent that the Plaintiff is fully aware of the current location and residence of the Defendant. Although "due diligence" is not defined, the Court finds that it is unnecessary at this time to determine the Plaintiff's attempts at due diligence, because no attempt at personal service has ever been made in this case, under either the laws of Guam, or the laws of California (Defendant's place of residence), as provided under GRCP Rule 4(e), even though such service should be practicable and is readily available. Id., at 485 ("due diligence is absent where the plaintiffs have failed to make any attempts to perform service at known addresses."); and Trackman v. Kenney, 187 Cal.App.4th 175, 185 (Cal.App.3.Dist. 2010) ("Ordinarily, . . . two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made."). Thus, the Plaintiff has improperly made a request for service by publication and mailing before exercising due diligence, and the Court DENIES any request by the Plaintiff in this case for an order permitting service under 7 GCA § 14106 which is made prior to any attempt at personal service.

3) <u>To Obtain Substituted Service in the Alternative to Personal Service, 7 GCA § 14106 Requires an Affidavit or Verified Complaint Containing Particular Facts</u>

If personal service cannot be effected, GRCP Rule 4(e)(1) allows service to be had by other means authorized by the laws of Guam.

GRCP Rule 4 only allows for service through publication and mailing as permitted by statute or court order. GRCP Rule 4(o)(2012). 7 GCA § 14106 is the controlling statute, and allows for service by publication and mailing instead of personal service under GRCP Rule 4(e)(1) or (2), but only when an application is made to the Court upon a verified complaint or

affidavit (or declaration, *see* 6 GCA § 4308) swearing either that the person "has departed from Guam . . .or conceals himself to avoid the service of summons." 7 GCA § 14106 (2012). It states in relevant part:

> (a) *Where the person on whom service is to be made has departed from Guam,* and cannot, after due diligence, be found in Guam, *or conceals himself to avoid the service of summons* . . . and the fact appears by affidavit to the satisfaction of the court, or a judge thereof, *and it also appears by such affidavit, or by the verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made* . . . such court or judge may make an order that the service be made by the publication of the summons and by mailing the complaint and summons. (b) Service by mail shall be by any kind of U.S. Postal Service delivery that provides for written proof of mailing, written proof of delivery and restricted delivery to the addressee only.

7 GCA § 14106 (emphases added).

The Plaintiff makes no arguments about the applicability of this statute to this particular case, but apparently requests that this order for service by publication issue simply because the Defendant is not a resident of Guam. However, service by publication and mailing under 7 GCA §14106, in lieu of personal service under GRCP Rule 4, has specific factual requirements which must be declared to the Court. 7 GCA § 14106 requires an "affidavit" or "verified complaint" swearing or declaring under penalty of perjury, not only that the Defendant cannot be found in Guam, but either: 1) both that the Defendant "has departed from Guam" AND "cannot . . . be found in Guam;" or 2) that the Defendant has concealed himself/herself "to avoid the service of summons . . . ." 7 GCA § 14106. Both of these options are carefully worded to indicate to the Court that the Defendant is attempting to avoid service, not merely that a defendant is not present in Guam.

Regarding the Defendant's "depart[ure]" from Guam, the verified complaint of the Plaintiff does not even contain a recitation of the language of the statute, and merely states that "Defendant is a resident of California." Mitchell, Ver. Compl., ¶ III (filed June 1, 2012). No

factual allegations that the Defendant has ever resided in Guam and thus, has ever "departed from Guam" are present. Nor are there any allegations that the Defendant has ever been to Guam, or would ever have been subject to service in Guam. The Court finds that the statements of the verified complaint, without any accompanying information regarding the Defendant's previous presence in and flight from Guam, or subjection to service in Guam, are inadequate to support the issuance of an order for publication and mailing under 7 GCA § 14106.

Regarding the Defendant's "concealment" from service, Plaintiff's verified complaint is silent. In Kahn v. Matthai, again interpreting the former CCCP § 412, direct forerunner to 7 GCA § 14106, service by publication was originally permitted by the trial court on the ground that the defendant was seeking to conceal herself to avoid the service of the summons, however, on appeal, the judgment was overturned by the Supreme Court of California, on the basis that the affidavit did not have any tendency to show that the defendant had departed from California or was concealing herself from service, and thus, the affidavit was insufficient. Id. at 692–93.

Service by publication and mailing is not to be lightly granted, nor lightly treated under 7 GCA § 14106, as it is permitted only in the alternative that personal service pursuant to GRCP Rule 4(e) cannot be made because of the Defendant's actions. GRCP Rule 4(e)(1) and (2), and Burchett, 33 Cal.App.4th at 1477. The affidavit must be in proper form in order for the Court to grant the order for publication and acquire jurisdiction over the defendant. Forbes, *supra*, at 350. "If either of these facts does not appear by affidavit, the court or judge has no jurisdiction to make the order, and an order made thereon will be insufficient to sustain a judgment based upon such service." Quinn, *supra*, at 217.

The Plaintiff's verified complaint fails to allege the minimum requirements for the issuance of an order for service by publication and mailing. The verified complaint neither

declares that the Defendant has ever resided in Guam, nor that the Defendant has ever concealed herself to avoid service under GRCP Rule 4(e). A statement to the effect that a person is not present in Guam, without more, does not satisfy the requirements of 7 GCA § 14106. Plaintiff's verified complaint further fails to allege that personal service pursuant to GRCP Rule 4(e)(1) or (2) was ever attempted or was not possible in this case.

Accordingly, the verified complaint fails to establish the facts required under 7 GCA 14106, and the Plaintiff's "request" for an Order for Publication is DENIED on this basis as well.

### 4) Quashing Already Attempted Service

Significantly, Plaintiff has already mailed a copy of the summons to the Defendant prior to obtaining the Court's permission to do so. Service by publication and mailing under 7 GCA §14106, in lieu of personal service under GRCP Rule 4(e), first requires an order from a judge authorizing such service. A party may not take it upon themselves to provide service through publication or mailing under 7 GCA § 14106; the Court must order it first. 7 GCA § 14106; *accord* Pineda v. Pineda, 2005 Guam 10 ¶¶ 18 and 24. The Plaintiff's attorney attempted to mail service to the Defendant on June 13, 2012, but no order allowing such service has ever issued. Mitchell v. Mitchell, Domestic Case No. DM0381-12, Decl. of Mailing (filed June 14, 2012). The strict compliance requirements of Pineda and 7 GCA § 14106 require that the Plaintiff receive Court approval first, prior to attempting service by mail.

The Plaintiff did not await a Court order approving service by mail before attempting to serve the Defendant by mail. The Plaintiff has failed to properly obtain an order of the Court permitting service by mailing, prior to attempting such service, and thus, delivery of the mail

service was improper. Accordingly, the Court QUASHES the already attempted mail delivery of June 13, 2012.

## CONCLUSION

Based upon its review of the complaint and other documents as part of the Court's analysis of the proposed "Order for Publication," the Plaintiff has failed to properly support its "request" for an Order for Publication, and therefore, service by publication must be DENIED at this time. Further, the Court QUASHES any service under 7 GCA § 14106, which has already been attempted prior to the issuance of an order permitting such service from the Court, including the mailing of June 13, 2012. The Plaintiff is ORDERED to comply with the due diligence requirement of 7 GCA § 14106, by attempting personal service on the Defendant prior to filing any future motions requesting the issuance of an order under 7 GCA § 14106.

**IT IS SO ORDERED** this ___AUG 2 3 2012___ .

HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

AUG 2 3 2012

Jerry T. Guerrero
Deputy Clerk, Superior Court of Guam